IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES E. CUNNINGHAM, #109311                                    PETITIONER

VERSUS                                        CIVIL ACTION NO.3:05cv207WHB-AGN

JIM HOOD, Attorney General                                       RESPONDENT

### MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner James E. Cunningham, an inmate at the Winston-Choctaw County Regional Correctional Facility, Louisville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On April 25, 2005, petitioner was ordered to file an amended petition. On May 2, 2005, petitioner file an attachment to his petition and on May 5, 2005 and May 6, 2005, petitioner filed his responses to the court's order to amend. As required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

### Background

Petitioner pled guilty to and was convicted of kidnaping and attempted sexual battery in the Circuit Court of Rankin County, Mississippi on January 12, 2005. Petitioner states that he was sentenced to serve ten years on each count, to run concurrent followed by five years post-release supervision, in the custody of the Mississippi Department of Corrections. Petitioner states that he has not yet received a ruling on a petition for a writ of habeas corpus he filed in the Circuit Court of Rankin County on April 1, 2005. Petitioner states that he has not filed a motion

for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq.

The petitioner presents the following grounds for habeas relief in the instant petition: (1) conviction was obtained by involuntary, unlawful and unintelligent plea of guilty; (2) conviction obtained by use of evidence from an unconstitutional search and seizure; (3) conviction was obtained by use of evidence from an unlawful arrest; and (4) denial of effective assistance of counsel.

## Analysis

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Petitioner may satisfy the exhaustion requirement by utilizing the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq., which allows three years after the entry of judgment of the conviction to file a motion under the Act. Petitioner states in his response filed May 5, 2005, that he has not filed a motion for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. As such, this case shall be dismissed, without prejudice, for petitioner's failure to exhaust his available state court remedies.[1]

---

[1] The petitioner is advised that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that a state prisoner has one year after the date on which his conviction becomes final to file a § 2254 motion. See 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that this one year period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." On this issue, the Fifth Circuit has noted that "[u]nder the plain language of the statute, any time that passed between the time that [the petitioner's] conviction became final and the time that his state application of habeas was properly filed must be counted against the one year period of limitation." Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Accordingly, it is clear that the AEDPA's one-year statute of limitations is running and will continue to run against the petitioner until he properly files an application for post-conviction relief in state court. Furthermore, in the event that petitioner does not properly file an application in state court within one year from the date on which his conviction became final, § 2244(d)(1) will preclude him from pursuing federal relief,

A final judgment in accordance with this memorandum opinion shall issue this date.

SO ORDERED, this the 13th day of May, 2005.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

in spite of the state's three-year limitations period.  See Bogan v. Moore, 55 F.Supp. 2d 597, 600 (S.D. Miss. 1999).